TENNESSEE PRODUCTS COMPANY, RESPONDENT, v. RARI-
TAN COAL AND CHARCOAL COMPANY, APPELLANT.

Submitted January 18, 1938—Decided May 2, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and PARKER.

For the appellant, *Julius Kass.*

For the respondent, *Henry K. Golenbock.*

The opinion of the court was delivered by

PARKER, J.   This is an appeal from a summary judgment
for plaintiff in a contract case, and the gravamen of the
defense below, and of the appeal, was and is that the plaintiff,
a corporation of Tennessee, is barred from maintaining this
action by sections 97 and 98 of the Corporation act, requiring
foreign corporations before transacting business in this state,
to qualify in the manner provided in section 97, and provid-
ing in section 98 that "until such corporation so transacting
business in this state shall have obtained [the statu-
tory] certificate from the Secretary of State, it shall not
maintain any action in this State upon any contract made
by it in this State."   The Pleas held that the statute did not
apply and entered judgment for plaintiff.

We think the judgment should be affirmed.   The com-
plaint was in three counts.   The first was for principal,

interest, and protest fees on a promissory note made, delivered, and payable in Perth Amboy in this state. The second is for an attorney's fee stipulated in the note as recoverable in case of suit. The legality of the stipulation is not challenged except for the general reason first stated. The third count is for freight charges which plaintiff had to pay on certain bags shipped by plaintiff to defendant and refused by the latter.

An examination of the affidavits submitted on the motion for summary judgment shows beyond peradventure that all contracts between the parties were made outside of this state. They consisted mainly, if not entirely, of orders transmitted to plaintiff at the home office in Tennessee and accepted there, and shipment of goods by freight. The law is of course settled that such contracts are not under the ban of the statute. *Delaware and Hudson Canal Co.* v. *Mahlenbrock,* 63 *N. J. L.* 281; *Dickerson* v. *Levine,* 98 *Id.* 313. If the suit had been on a book account, of goods shipped on mail orders, or on written contracts accepted at the home office of the plaintiff, its case would be clear. In fact, this is substantially the situation in relation to the third count for freight charges, which were not covered by the note and are not challenged on any meritorious ground.

Taking up the note—it is without doubt a New Jersey contract. It was made in New Jersey and is payable in New Jersey. But that fact does not defeat the right of recovery, and, as we think, for two reasons. The first is that the note was given and received as payment for an existing debt which had arisen out of the contracts of sale concluded in Tennessee upon which plaintiff was entitled to sue here (*Commercial Credit Corp.* v. *Boyko,* 103 *N. J. L.* 620) and after negotiation and settlement of differences and the striking of a balance in Perth Amboy. If that balance had been then and there paid in cash, or even by a check on a New Jersey bank duly honored, it seems clear enough that the statute would not apply. See *Dickerson* v. *Levine,* 98 *Id.* 313 (at *p.* 314). If the check had been dishonored, plaintiff could have sued either on the original debt or on the check given in con-

sideration of it; or joined both counts in one action. This is hornbook law. 1 *Chit. Pl.* *373; 2 *Pars. Cont.* (*7th ed.*) *624; *Randolph Com. Paper,* § 1673; 8 *C. J.* 807. Similarly as to a suit by payee against maker of a promissory note. *Banking Co.* v. *Myer,* 12 *N. J. L.* 141 (at *p.* 143). As early as 1835 the joinder in one declaration of the common counts *in assumpsit* (among them, one for goods sold and delivered) with a special count on a promissory note, was expressly approved in this state. *Beardsley* v. *Southmayd,* 14 *Id.* 534. It is inconceivable that the legislature ever meant to say that though action would lie for the price and value of goods sold and delivered by a foreign corporation pursuant to a contract of sale closed at the domicil of that corporation, yet if its collector comes into this state to secure payment, and receives a promissory note payable in this state, his principal is to be considered as "transacting business" in this state within the prohibition of sections 97 and 98.

But even if this were not so, the case before us does not show the "transaction of business" within this state. As has been said, the basic contracts were made in Tennessee, and the goods were shipped from outside the state. In the matter of paying for them, or securing payment, plaintiff's agent came to Perth Amboy and, after some negotiation touching the claim, received a check for $481.69 which was paid; a note at thirty days for $500 which was apparently also paid: and the note on which this suit was based, and which was not paid. Here was simply an isolated transaction; which, apart from the matters we have just considered, is within the rule of *Wood & Selick* v. *American Grocery Co.,* 96 *N. J. L.* 218, previously enunciated in *Delaware and Hudson Canal Co.* v. *Mahlenbrock, supra,* that a single instance does not institute "transacting business" within the purview of the statute.

This disposes of all questions relating to the first two counts. As to the third, it is claimed in the brief for appellant that the answer raised a question of fact which the Pleas could not determine without trial. But in the opinion delivered below, we find it stated that on the hearing the

only point on which defendant relied was that set out in the first separate defense, *i. e.,* of a foreign corporation transacting business in New Jersey when not qualified so to do. Hence, as no factual attack was made on the first count below, it cannot be considered here.

The judgment will be affirmed.